UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| VAHID ATASHZAI,<br><br>            Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Commissioner,<br>Social Security Administration,<br><br>           Defendant. | CV 14-03198-SH<br><br>MEMORANDUM DECISION<br>AND ORDER |

## I. PROCEEDINGS

On August 4, 2010, plaintiff filed concurrent applications for disability insurance benefits and supplemental security benefits, alleging disability from June 10, 2010 due to Crohn's disease. Following denial of his claims at the initial levels, a hearing was held before an ALJ on November 10, 2011. The ALJ denied the claims. The Appeals Council thereafter vacated the ALJ's Decisions and remanded the case for further proceedings.

On remand, Plaintiff amended his two claims to a closed period of disability from March 30, 2009 through December 1, 2011. The ALJ again denied the claims. This time, the Appeals Council denied plaintiff's Request for Review, and this civil action was filed on May 7, 2014. The parties have file their respective briefs, and the Administrative Record has been filed and reviewed.

## II.  ISSUE

The sole issue presented is whether the ALJ failed to properly evaluate the medical evidence pursuant to Listing 5.08, by concluding that Plaintiff's weight loss from Crohn's disease did not meet the criteria of the Listing. The court concludes that the ALJ misunderstood the elements of Listing 5.08 by requiring that all weight loss be suffered during the actual treatment period. Nothing in the plain language of Listing 5.08 indicates that weight loss is to be so narrowly defined.

Listing 5.08 requires only a showing of weight loss "due to any digestive disorder despite continuing treatment as prescribed, with BMI of less that 17.50 calculated on at least two evaluations at least 60 days apart within a consecutive 6-month period."

There is no doubt that plaintiff was diagnosed with Crohn's disease, an inflammatory bowel disease, by Dr. Moghaddam and Dr. Sach, in 2009 and 2011. Dr. Moghaddam clearly attributed weight loss due, at least in part, to Crohn's disease. A.R. 309-317.  Dr Sach noted a biopsy proved Chron's ileolitisis upon colonoscopic evaluation in 2009, with associated weight loss. A.R. 294, 296. Consulting physician Dr. Wallack also reviewed a colonoscopy report which revealed ulcers and pathological findings suggestive of Chron's disease. A.R. 272-3.

The ALJ erred by relying on the testimony of the medical advisor, Dr. Maimon, who testified that there was no evidence of weight loss. Nevertheless, he

agreed that during what he erroneously considered as the relevant period, plaintiff had a BMI of 16 to 17, with the lowest recorded weight at 103, and the highest as 111 pounds. Dr. Maimon agreed that he had no reason to doubt Plaintiff's testimony that before March 2009, he weighed 116 to 120 pounds. He further agreed that plaintiff met the recorded BMI requirements of Listing 5.08, and the plaintiff had a digestive disorder.

However, Dr. Maimon disagreed whether plaintiff had suffered temporally relevant "weight loss."  The court unquestionably finds that plaintiff did suffer "weight loss" despite continuing treatment. Nothing supports defendant's argument that the weight loss must be solely within the "longitudinal treatment period". Nothing in the Listing precludes consideration of weight loss commencing prior to the  period of treatment, and continuing despite commencement of treatment. The ALJ notes that  plaintiff was treated with medications for Chron's disease for several years, and reported no relief from symptoms. A.R. 16. Therefore, plaintiff met the Listing requirement of 5.08. Nothing in the Listing requires "uncontrolled" weight loss, and by reading into the Listing such a requirement, the ALJ and Dr. Maimon both misunderstood the Listing.

 Morever, plaintiff's BMI remained at less than 17.50 during the treatment period, despite modest weight fluctuations between August 3, 2009 and November 2, 1011.  The court also disagrees with Defendant, insofar that plaintiff's normal weight of 116 to 120 before March, 2009 is relevant to the date of alleged onset, June 10, 2010. As even defendant notes, plaintiff's weight had gone down to 103 by August 3, 2009, several months before the alleged onset date.

Although the ALJ rejected the credibility of some of plaintiff's symptomology, the ALJ did not reject plaintiff's statement that his usual weight had been 116 to 120 pounds.

### III. CONCLUSION

1  For the foregoing reasons, the court finds that plaintiff met or equaled Listing
2  5.08. Therefore, the Decision of the Commissioner is reversed, and the mater is
3  remanded for calculation of a closed period of benefits.

4  Dated  October 30, 2014

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE